**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:21-CV-426 (MTT)** |
| | ) | |
| **DEBRA ENTERPRISES, LLC,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff Joe Hand Promotions, Inc. has moved for default judgment against Defendants Debra Enterprises, LLC d/b/a Game-On Sports Café and James W. Debona.  Doc. 9.  For the following reasons, the motion is **GRANTED**.

### I.   BACKGROUND

According to the facts alleged in the complaint, which are deemed admitted by the defendants because of their default, the plaintiff was granted the exclusive commercial distribution rights to a February 22, 2020 boxing match between Deontay Wilder and Tyson Fury ("the program").[1]  Doc. 1 ¶ 5.  So, if a commercial establishment wanted to show the program to its patrons, it was required to contract with and pay the plaintiff the proper commercial license fee, which depended on the establishment's capacity.  *Id*. ¶ 9.  Over 1,500 establishments across the country did so.  *Id*.  However,

---

[1] These rights also included the undercard bouts and commentary.  Doc. 1 ¶ 5.

the defendants threw a punch below the belt and showed the program to the patrons in their establishment, Game-On Sports Café, without contracting with or paying the plaintiff to do so.  *Id*. ¶ 10; Doc. 9-4 ¶ 7.

The defendants did this by "(1) intercepting and redirecting cable or satellite service from a nearby residence, (2) registering their business location as a residence, (3) physically moving a cable or satellite receiver from a residence to their business, and/or (4) obtaining the program in violation of the terms of their television service provider agreement."  Doc. 1 ¶ 11.  The defendants showed the program in their establishment for financial gain.  *Id*. ¶ 14.

To discover the defendants' piracy, the plaintiff hired an investigator who visited the defendants' establishment the night the program was shown.  Doc. 9-3.  The investigator paid a $5 cover charge to enter the establishment, and between 30 and 50 people were inside.  *Id*.  According to the investigator, the establishment had a 200-person capacity.  *Id*.  Based on this capacity, the defendants should have paid $2,500 to show the program.  Doc. 9-4 ¶ 8.

On December 1, 2021, the plaintiff filed its complaint alleging the defendants violated 47 U.S.C. § 553 (cable piracy)[2] and 47 U.S.C. § 605 (satellite piracy).[3]  Doc. 1 ¶¶ 17-20.  Both defendants were served on January 14, 2022, and as of the date of this

---

[2] 47 U.S.C. § 553(a)(1) prohibits "intercepting or receiving any communications service offered over a cable system, unless specifically authorized by law."

[3] 47 U.S.C. § 605(a) provides that: "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto."  Satellite signals are considered "radio communications."  *United States v. Howard*, 13 F.3d 1500, 1501 (11th Cir. 1994).

order, the defendants have not answered or otherwise attempted to defend this lawsuit.

Docs. 4; 5.  Because the defendants left their guard down, the Clerk of Court entered

default against them on March 1, and the plaintiff moved for default judgment on March

21.  Docs. 8; 9.

## II.  STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter

a party's default if that party's failure to plead or otherwise defend an action against it "is

shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a

default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that

can be made certain by computation," as long as the party is not a minor or incompetent

and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the

plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The

Court must hold an evidentiary hearing to determine damages unless all the essential

evidence is already in the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th

Cir. 2005) ("We have held that no such hearing is required where all essential evidence

is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct

hearings[.]").

After the Clerk's entry of default, a defendant is deemed to have admitted all

well-pleaded factual allegations in the complaint.  *Nishimatsu Const. Co., Ltd. v.

Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]  However, an entry of default

against the defendant does not establish that the plaintiff is entitled to a default

judgment.  The defendant is not deemed to admit facts that are not well-pleaded or

---

[4] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

conclusions of law.  *Id*.  "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law.  In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages."  *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).  The defendant is also not deemed to admit the plaintiff's allegations relating to the amount of damages.  *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters.").

### III.  DISCUSSION

**A.    Jurisdiction**

The allegations in the complaint establish that the Court has federal question jurisdiction pursuant to 47 U.S.C. § 553 and § 605.  Doc. 1 ¶ 1.  The allegations in the complaint also establish that the Court has personal jurisdiction over each of the defendants.  *Id*. ¶¶ 6-8.

**B.    Liability**

The plaintiff has alleged violations of both 47 U.S.C. § 553 and § 605.  To establish violations of these statutes, the plaintiff must establish that the defendants (1) intercepted or received the program, (2) did not pay for the right to receive the transmission, and (3) displayed the program to patrons of their commercial establishment.  *Joe Hand Promotions, Inc. v. ADJ Entity, LLC*, 2011 WL 4102314, at *2 (M.D. Ga. Sept. 14, 2011).

Here, the allegations in the complaint establish the defendants' liability.  The
defendants intercepted and received the program without paying for the right to do so
and displayed the program to the patrons in their commercial establishment.  Doc. 1 ¶¶
10-11, 13-14, 18-19.

C.      **Damages**

After liability is established under 47 U.S.C. § 553 or § 605, a plaintiff may elect
between actual or statutory damages.  *Kingvision Pay-Per-View Corp., Ltd. v. El Torito
Supermarket, Inc.*, 2007 WL 174158, at *3 (M.D. Fla. June 19, 2007).  Here, the plaintiff
has elected to receive statutory damages and seeks a knockout blow by requesting the
maximum award allowed.  Doc. 9-1 at 5-6.  The plaintiff has not requested an
evidentiary hearing, and one is not necessary because an adequate record has been
made to calculate damages.

The two statutes for which liability has been established are similar, but the
plaintiff may only recover under one or the other.  *See J & J Sports Prod., Inc. v. Allen*,
2011 WL 941502, at  *2 (N.D. Ga. Mar. 14, 2011).  One difference between the statutes
is the range of permissible damages.  Under § 553 (cable piracy) a court may grant
statutory damages between $225 and $10,000 per violation and enhanced damages up
to $50,000 if the defendant acted "willfully and for purposes of commercial advantage or
private financial gain."  47 U.S.C. § 553(c)(3)(B).  Under § 605 (satellite piracy), a court
may grant statutory damages between $1,000 and $10,000 for each violation and
enhanced damages up to $100,000 if the violation is "committed willfully and for
purposes of direct or indirect commercial advantage or private financial gain."  47
U.S.C. § 605(e)(3)(c).  Thus, the minimum amount for statutory damages under the

cable piracy statute is lower than the satellite piracy statute's minimum, and the maximum amount for enhanced damages is higher under the satellite piracy statute than the cable piracy statute's maximum.  But the Court need not decide under which statute the plaintiff recovers because, as discussed below, it will not award under $1,000 for statutory damages or more than $50,000 for enhanced damages.

     *1.  Statutory damages*

Although the plaintiff seeks the maximum award of statutory damages, "the Court has substantial discretion in setting the appropriate amount." *Joe Hand Promotions, Inc. v. Glover*, 2022 WL 898345, at *4 (N.D. Ga. Mar. 28, 2022) (citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)).  The Eleventh Circuit has not mandated a specific formula or test to determine damages under either § 553 or § 605.

The evidence shows that the defendants charged $5 for patrons to enter the establishment on the night the program was shown, and between 30 and 50 individuals were present.  Doc. 9-3.  But there is no evidence that the defendants charged a premium for food or drinks, advertised the program, or are previous offenders.  Given these facts, the Court awards statutory damages to the plaintiff in the amount it would have charged the defendants to rightfully display the program in its establishment—$2,500.  Doc. 9-4 ¶ 8.

     *2.  Enhanced damages*

 "Under both [§ 553 and § 605], the district court is given discretion to award enhanced damages where there is a finding of willful conduct done for purposes of commercial advantage or private financial gain." *J & J Sports Productions, Inc. v. Khin*,

2016 WL 9046677, at *5 (N.D. Ga. Mar. 31, 2016) (citing 47 U.S.C. §§ 553, 605). Here, it is established that the defendants acted willfully and for their own financial gain when they showed the program at their establishment. Doc. 1 ¶ 14. To determine if a defendant's willful conduct justifies increased damages, courts consider several factors "(i) repeated violations over an extended period of time; (ii) substantial unlawful monetary gains; (iii) advertising of the broadcast; (iv) charging of a cover charge or premiums for food and drinks; or (v) plaintiff's significant actual damages." *J & J Sports Productions, Inc. v. Just Fam*, 2010 WL 2640078, at *3 (N.D. Ga. June 28, 2010).

The plaintiff has requested the maximum amount of enhanced damages, but such a haymaker appears inappropriate. Many courts in the Eleventh Circuit have awarded a three-times multiplier to the statutory damages to determine enhanced damages. *ADJ Entity, LLC*, 2011 WL 4102314, at *5; *Joe Hand Promotions, Inc. v. Jones*, 2019 WL 5280971, at *3 (N.D. Ga. Apr. 18, 2019); *Khin*, 2016 WL 9046677, at *5; *J & J Sports Productions, Inc. v. Herbelaine*, 2016 WL 9045967, at *5 (N.D. Ga. Feb. 8, 2016). "The formula of three times the statutory award is common … where the establishment is a first-offender, did not charge for entry, did not charge a premium on drinks or food during the broadcast, and did not advertise the broadcast." *Glover*, 2022 WL 898345, at *5 (citation omitted).

Many of the factors that other courts have found weigh in favor of a three-times multiplier are present here. There is no evidence the defendants are repeat offenders, charged a premium for food or drinks, advertised the program, and the cover charge to enter the establishment was modest. Doc. 9-3. Accordingly, the Court finds that a

three-times multiplier of the statutory damages is appropriate and awards the plaintiff $7,500 in enhanced damages.

**D.      Attorney's Fees**

The plaintiff is entitled to reasonable attorney's fees because liability has been established under § 553 and § 605.  The plaintiff has submitted evidence that its attorney's fees amount to $1,260.  Doc. 9-6.  The Court finds the requested attorney fees reasonable and awards the plaintiff $1,260 for reasonable attorney's fees.

## IV.  CONCLUSION

For the reasons stated above, the plaintiff's motion for default judgment (Doc. 9) is **GRANTED**.  The plaintiff is awarded $2,500 in statutory damages, $7,500 in enhanced damages, and $1,260 in attorney's fees.  Thus, judgment shall be entered against the defendants in the total amount of $11,260.

The plaintiff may submit a bill of costs within 14 days to seek its recoverable costs.  28 U.S.C. § 1920.

**SO ORDERED**, this 31st day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT